# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

Jimmy Jackson,                    :
    Plaintiff,                :
                              :
v.                                :    Case No. 3:06cv1274 (JBA)
                              :
State of Connecticut,             :
Department of Corrections,        :
    Defendant.                :

## RULING ON DEFENDANT'S MOTION TO DISMISS
## [DOC. # 21]

Defendant the Connecticut Department of Corrections ("DOC") moves to dismiss plaintiff Jimmy Jackson's employment discrimination Complaint in this action due to failure to perfect timely service upon the DOC in violation of Fed. R. Civ. P. 4(m). See Def. Mot. [Doc. # 21]. Plaintiff objects, on grounds that the service failure was due to counsel's excusable neglect, and that the Court already granted his Motion for Extension of Time permitting additional time to accomplish service. See Pl. Opp. [Doc. # 23].

Plaintiff's Complaint was filed on August 15, 2006, but was admittedly not served in accordance with Fed. R. Civ. P. 4(j)(2), as required for service on an agency, within the 120-day period from filing allotted by Rule 4(m). No action having been taken with respect to this case, on January 21, 2007 the Court issued a notice to counsel pursuant to Fed. R. Civ. P. 41(a) directing that the case would be dismissed on February 20, 2007 if no

1

explanation were made to the Court why it should not be.  See
Notice [Doc. # 4].  Plaintiff's counsel then filed a response on
February 16, 2007 [Doc. # 5] – claiming excusable neglect in
failure to effect proper service and a lack of knowledge of the
State Attorney General's service procedures – and she also filed
a Motion for Extension of Time [Doc. # 6], nunc pro tunc, in
which to effect service.  The Court granted this Motion on
February 28, 2007 [Doc. # 9].[1]

Thus, defendant now moves to dismiss the Complaint for
failure to timely effect proper service in accordance with Rule
4, notwithstanding that the Court granted plaintiff's Motion for
Extension of Time nunc pro tunc.  Defendant contends that
plaintiff's counsel did not demonstrate good cause for the delay,
but only claimed excusable neglect, and argues that although
courts are generally reluctant to dismiss complaints on the basis
of defective service, a single defective attempt at service never
followed by an attempt to correct is not reasonable.  See Def.
Mem. [Doc. # 21-2] at 3 (citing cases).

Rule 4(m) provides, inter alia, that if the plaintiff shows
good cause for a failure to timely serve, an extension may be
granted.  While courts generally hold that "[a]n attorney's
inadvertence, neglect, mistake or misplaced reliance does not

_____

[1] As defendant notes, it filed an opposition to plaintiff's
Motion for Extension of Time [Doc. # 8], but the Court granted
that Motion before receiving defendant's opposition.

constitute good cause for the purposes of the Rule 4(m)," see,
e.g., Howard v. Klynveld Peat Marwick Goerdeler, 977 F. Supp.
654, 658 (S.D.N.Y. 1997), aff'd 173 F.3d 844 (2d Cir. 1999)
(citing McGregor v. United States, 933 F.2d 156, 160 (2d Cir.
1991)), courts also suggest that "excusable neglect" can
constitute good cause, see, e.g., Zankel v. United States, 921
F.2d 432, 435-36 (2d Cir. 1990); McKibben v. Credit Lyonnais, No.
98civ3358 (LAP), 1999 WL 604883, at *2 (S.D.N.Y. Aug. 10, 1999).[2]

In addition, this case is analogous to Zankel v. United
States, where the Second Circuit held that failure to properly
and timely serve the United States Attorney General did not
warrant dismissal, where plaintiff's method of service suffered
from a "technical defect."  921 F.2d at 436-38.  Specifically, in
Zankel, as it was a suit against the United States, the relevant
Rule 4 provision required delivery of a copy of the summons and
complaint to the United States attorney in the relevant district

---

[2] Further, although neither party mentions it, the Supreme
Court's opinion in Henderson v. United States, 517 U.S. 654
(1996), acknowledges that the 1993 amendments to Rule 4 actually
obviated the need for a finding of good cause altogether, leaving
decisions to enlarge the 120-day period within the discretion of
courts.  Id. at 662-63 & n.10 (citing Advisory Comm. Notes and
emphasizing that portion of Rule 4(m) providing that "[i]f
service of the summons and complaint is not made upon a defendant
within 120 days after the filing of the complaint, the court . .
. shall dismiss the action without prejudice as to that defendant
or direct that service be effected within a specified time"); see
also Beauvoir v. United States Secret Serv., 234 F.R.D. 55, 58
(E.D.N.Y. 2006).  The Court here did just that, by granting
plaintiff's Motion for Extension of Time.

and mailing (via registered or certified service) of a copy of the summons and complaint to the United States Attorney General; the Circuit found that plaintiff's counsel had accomplished service as to the United States attorney, but that counsel did not attempt to serve the United States Attorney General until more than 120 days had passed.  See id. at 434-35.  In reversing the district court's dismissal of the complaint pursuant to Rule 4, the Circuit relied on the "technical defect" exception to the provision regarding service on the United States as articulated in a District of Columbia Circuit case, applying the following factors: "If (1) necessary parties in the government have actual notice of a suit; (2) the government suffers no prejudice from a technical defect in service; (3) there is a justifiable excuse for the failure to serve properly; and (4) the plaintiff would be severely prejudiced if the complaint were dismissed."  Id. at 436-37 (citing Jordan v. United States, 694 F.2d 833, 836 (D.C. Cir. 1982)).

While this case concerns suit against a Connecticut agency, not the United States, and thus a different Rule 4 provision for method of service applies, it is certainly analogous to Zankel (i.e., a suit against a Government entity and a technical defect in the specific method of service required for that entity). And, in this case, plaintiff satisfies the four factors: his counsel represents that the Connecticut Attorney General's office

4

had notice of the suit, as a copy of the summons and complaint was mailed to the Office and she confirmed receipt with a telephone call, see Pl. Opp. at 1; the DOC has not identified any prejudice it will suffer if the suit is permitted to proceed; plaintiff's counsel has a justifiable excuse for her failure to timely properly serve, as already acknowledged by the Court's granting the Motion for Extension of Time, and as she attempted service and was unfamiliar with the Attorney General's service procedures; and plaintiff would be severely prejudiced if this case were dismissed as the statute of limitations has now run, see Pl. Opp. at 2-3. Plaintiff's counsel's justifiable excuse constitutes "excusable neglect," inasmuch as she attempted to serve the summons and complaint, followed up to confirm receipt, re-served, correctly, once informed of the defect, and also filed a Motion for Extension of Time, nunc pro tunc, which the Court granted.

Accordingly, defendant's Motion to Dismiss [Doc. # 21] is DENIED.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton
United States District Judge

**Dated at New Haven, Connecticut this 25th day of July, 2007.**